**Gillis GIBSON and Will Osborne,
Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 10, 1956.

Don A. Ward, Hazard, for appellants.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

The appellants, Gillis Gibson and Will Osborne, were convicted of the offense of maliciously cutting and wounding another, as denounced by KRS 435.170(2), and their punishment was fixed at confinement in prison for two years. It is urged that the judgment should be reversed because the court erred: (1) In instructing the jury, and (2) in refusing to permit one of the appellants' witnesses to testify on the trial of the case.

The appellants contend that instructions number I and number II are erroneous because they contain no provision specifically separating the appellants, so as to authorize the jury to find one of them guilty and acquit the other. If we were considering this omission in the first two instructions independently of other instructions that were given, we would agree that they were defective. However, it is our well-established rule that all instructions

given must be considered together in determining whether there is error in any one of them, for an omission in one instruction may be supplied by another instruction. Deaton v. Commonwealth, 288 Ky. 246, 156 S.W.2d 94; Cole v. Commonwealth, 260 Ky. 554, 86 S.W.2d 305; Stanley's Instructions to Juries, Section 801, page 1060.

 Invoking the aid of this rule we find the jury was told by instruction VIII that "you may find both of the defendants, Will Osborne and Gillis Gibson, guilty, or you may find one of them guilty, and the other not guilty, or you may find both of them not guilty." And by instruction number X the jury was advised that "if upon the whole case you shall entertain a reasonable doubt of the defendants, or either of them, having been proved guilty, you will find them, or either of them, not guilty, for they, and each of them, are presumed to be innocent until their guilt has been established by the evidence beyond a reasonable doubt." We think these instructions supplied the omissions in instructions number I and number II and no prejudice resulted that would constitute reversible error.

Appellants also claim that instruction number VII is erroneous because it did not include all degrees of the offense upon which instructions were given. There is no basis for this contention. Instruction number VII, given in compliance with Section 239 of our Criminal Code, fully protected all the legal rights of the appellants whether the jury considered them as "principals" or as "aiders and abetters."

The appellants were charged with the commission of a felony. The lower degree of the crime charged was a misdemeanor. Instruction number VII covered both the felony and the misdemeanor charge, and, in effect, told the jury that if it entertained a reasonable doubt of the degree of the offense which the appellants had committed, the appellants should be convicted of the lower degree. We think instruction number VII clearly authorized the jury to find appellants guilty of the lower degree of the offense, and, therefore, conformed to the provisions of Section 237 of our Criminal Code.

The next ground urged to reverse the judgment is that the court should have permitted the appellants' witness, Van Couch, to testify, even though he had stationed himself in the court room during the trial and had heard the testimony of other witnesses. However, under the state of the record the alleged error cannot be reviewed on this appeal because there was no avowal made concerning what the witness would state, had he been permitted to testify. Leach v. Commonwealth, 129 Ky. 497, 112 S.W. 595; Nichols v. Commonwealth, 11 Bush 575; Louisville, C. & L. R. Co. v. Sullivan, 81 Ky. 624, 50 Am.Rep. 186. In the absence of an avowal as to the facts the witness would testify to, we cannot assume that the testimony of the witness would have been competent, relevant or material.

Judgment affirmed.